UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 415 |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| KYRIN DAMERON | ) | |

## <u>PRELIMINARY ORDER OF FORFEITURE</u>

This cause comes before the Court on motion of the United States for the entry of a preliminary order of forfeiture as to specific property pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, and the Court being fully informed hereby finds as follows:

(a)     On September 5, 2024, an indictment was returned charging defendant KYRIN DAMERON with unlawful possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1). The indictment sought forfeiture to the United States of any firearms and ammunition involved in and used in the charged offense including, but not limited to, (i) a loaded Glock, Model 19, 9mm pistol, bearing serial number BPNX157, with an attached conversion device, also known as an "auto sear" and "Glock switch," (ii) a loaded Glock, Model 23, 0.40 caliber pistol, bearing an obliterated serial number, (iii) a loaded Glock, Model 19, 9mm pistol, bearing serial number BSCC531, with an attached conversion device, also known as an "auto sear" and "Glock switch," and (iv) a loaded Smith & Wesson, Model M&P 9, 9mm pistol, bearing serial number NEU0232, and associated ammunition.

(b)     On May 15, 2025, pursuant to Fed. R. Crim. P. 11, defendant KYRIN DAMERON entered a voluntary plea of guilty to the indictment before the Court. Pursuant to the terms of his plea agreement and as a result of his violation of Title 18, United States Code, Section 922(g)(1), defendant KYRIN DAMERON agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in the foregoing firearms and ammunition, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

(c)     The United States requests that this Court enter a preliminary order of forfeiture against defendant KYRIN DAMERON as to the foregoing firearms and associated ammunition, because the property was involved in and used in the offense of conviction charged in the indictment.

(d)     Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant KYRIN DAMERON as to the (i) a loaded Glock, Model 19, 9mm pistol, bearing serial number BPNX157, with an attached conversion device, also known as an "auto sear" and "Glock switch," (ii) a loaded Glock, Model 23, 0.40 caliber pistol, bearing an obliterated serial number, (iii) a loaded Glock, Model 19, 9mm pistol, bearing serial number BSCC531, with an attached conversion device, also known as an "auto sear" and "Glock switch," and (iv) a loaded Smith & Wesson, Model M&P 9, 9mm pistol, bearing serial number NEU0232, and associated ammunition. Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest of the defendant in the foregoing property named in this order shall be

forfeited to the United States for disposition according to law.

(e)     Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case.  In accordance with Rule 32.2(b)(4)(A), at sentencing - or at any time before sentencing if the defendant consents - the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c), third parties have thirty days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third-party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(f)     Pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the foregoing property shall upon entry of this preliminary order of forfeiture be seized by the Federal Bureau of Investigation.

(g)    This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

_____
LINDSAY C. JENKINS
United States District Judge

DATED:9/17/2025

4